UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAREN S. SMITH,

    Plaintiff,

  v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

CIVIL ACTION NO. 06-14834

DISTRICT JUDGE JOHN CORBETT O'MEARA
MAGISTRATE JUDGE DONALD A. SCHEER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of sedentary work prior to December 31, 2003, when her insured status expired.

\* \* \*

Plaintiff filed an application for Social Security disability insurance benefits on March 21, 2003, alleging that she had been disabled and unable to work since June 15, 2000, at age 40, due to degenerative disc disease, fibromyalgia, irritable bowel syndrome, hypertension, mitrovalve prolapse and acid reflux disease[1]. Benefits were denied, initially

---

[1] Plaintiff filed a prior application for disability insurance benefits alleging the same disability as the present application, which was denied by the SSA and not pursued further (TR 27-32). Consequently, res judicata applies to the determination of Plaintiff's condition through the date of the unchallenged administrative decision (February 26, 2003). Bagby v. Harris, 650 F.2d 836 (6th Cir. 1981), cert. denied 454 U.S. 1087 (1981). A federal court may not review the Commissioner's refusal to reopen a previous application absent a constitutional challenge. Blacha v. Secretary, 927 F.2d 228, 231-232 (6th Cir. 1990). Plaintiff does not take issue with the SSA's application of res judicata.

and upon reconsideration, by the Social Security Administration (SSA). A requested de novo hearing was held on September 2, 2005, before Administrative Law Judge (ALJ) Thomas Walters. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a restricted range of sedentary work prior to December 31, 2003, when her insured status expired. The Law Judge found that the claimant required a sit-stand option, and was unable to perform overhead work. The ALJ determined that the claimant should avoid moving machinery and exposure to heights. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 43 years old at the time her insured status expired in December 2003. She had a tenth grade education, and had been employed as an assembly worker and waitress during the relevant past (TR 72, 77, 96). As an assembly person, Plaintiff alternated between sitting and standing for most of the workday. She constantly had to handle, grip and manipulate large and small objects. She lifted up to 10 pounds on a regular basis (TR 72).

Claimant stopped working in June 2000, due to irritable bowel syndrome, which necessitated frequent trips to the bathroom (TR 334-335). She testified that periodic flare-ups of fibromyalgia prevented her from handling objects and remaining on her feet for prolonged periods (TR 343-344). Plaintiff explained that she was extremely limited in her ability to sit, stand, walk, lift or use her hands. Claimant estimated that she could sit for perhaps 20 minutes, walk one half block and lift just five pounds (TR 346-347). She added

that she needed to lie down several times a day to get any pain relief (TR 345). Plaintiff stated that she had trouble performing household chores and grocery shopping (TR 343). Other impairments which the claimant said prevented her from returning to work included migraine headaches, periodic chest pain and mental depression (TR 340, 342, 345).

A Vocational Expert, Donald Hecker, classified Plaintiff's past work as sedentary, unskilled activity (TR 351). The witness testified that there would be no jobs that claimant could perform if her testimony were found to be fully credible[2] (TR 352). If she were capable of sedentary work, there were numerous unskilled cashier, parking lot attendant, bench assembly, packaging and visual inspection jobs that Plaintiff could perform with minimal vocational adjustment (TR 352). These jobs provided a sit-stand option, and did not require frequent climbing. They involved simple, routine tasks, and would not expose her to hazardous machinery or unprotected heights. These jobs were not fast paced, and did not require overhead reaching or walking more than 100 feet at a time (TR 351-352).

LAW JUDGE'S DETERMINATION

The Law Judge found that Plaintiff was impaired during the relevant past as a result of degenerative disc disease, fibromyalgia, mitrovalve prolapse and acid reflux syndrome, but that these impairments were not severe enough to meet the Listing of Impairments. The ALJ recognized that the claimant's joint pain precluded her from performing jobs requiring prolonged sitting, standing or walking. The ALJ limited claimant to jobs that did not require any frequent climbing, twisting, turning or exposure to dangerous machinery and unprotected heights. He further limited Plaintiff to jobs that did not involve overhead

---

[2]The witness explained that Plaintiff's alleged inability to remain on her feet for prolonged periods and her need to lie down every day would preclude all work activity (TR 352).

3

work, and did not require her to walk more than 100 feet on a regular basis. The Law Judge nevertheless found that the claimant retained the residual functional capacity to perform a significant number of sedentary jobs, within those limitations, prior to December 31, 2003, when her insured status expired.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc); Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

In the instant case, Plaintiff contends that her multiple joint pain was severe enough to preclude her from all work activity. The law is clear, however, that the mere existence of an impairment, even a severe one, will not entitle the claimant to disability benefits unless the impairment prevents her from returning to her previous work or any other substantial, gainful activity existing in the national economy, considering her age, education and work experience. 42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 404.1505 (2007).

INSURED STATUS REQUIREMENT FOR DIB BENEFITS

A "period of disability" can only commence while an applicant is fully insured. 42 U.S.C. § 416(I)(2). The parties agree that the Plaintiff's insured status for purposes of receiving DIB benefits expired on December 31, 2003, and thus she cannot be found disabled unless she can establish a disability prior to that date. Gibson v. Secretary, 678 F.2d 653, 654 (6th Cir. 1982). Evidence relating to a later time period is only minimally probative, Siterlet v. Secretary, 823 F.2d 918, 920 (6th Cir. 1986), and is only considered to the extent it illuminates claimant's health before the expiration of insured status. Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988). In other words, regardless of the seriousness of her present disability, Plaintiff must prove that she was disabled between February 26, 2003, the date of the prior hearing decision, and December 31, 2003, when her insured status expired, in order to be entitled to DIB benefits. Garner v. Heckler, 745 F.2d 383, 390 (6th Cir. 1984).

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of sedentary work providing a sit-stand option prior to the expiration of her insured status in

December 2003. The medical evidence, as a whole, failed to provide objective support for Plaintiff's allegations of severe and totally disabling pain and functional limitations.

The medical record period contained little objective medical basis for crediting Plaintiff's complaints of disabling symptoms related to fibromyalgia. During the relevant period, the claimant was not hospitalized, nor did she receive regular care from a physician. Despite Plaintiff's claim of severe functional limitations, a significant portion of the treatment notes found in the record between June 2000, the alleged onset date of disability, and December 2003, document routine medical care for such ailments as diffuse joint pain and abnormal sensation in her extremities (TR 126-137, 145-147, 155-167, 192-201, 207-215, 222-244).

Prior to the expiration of Plaintiff's insured status, Dr. Akram Mahmoud, a treating physician, recommended physical therapy that included specific exercises to help alleviate her discomfort (TR 126, 129, 131, 133, 135). In a report dated February 21, 2001, the treating doctor stated that conservative treatment had helped reduce claimant's joint pain (TR 126). Dr. Mahmoud suggested that Plaintiff continue with her current therapy, but the doctor reported that the claimant did not want to receive additional lumbar injections or wear a TENS unit because of "bad" experiences when utilizing such therapies in the past (TR 129). Dr. Mahmoud stated that whatever course of treatment he attempted was met with negativity on the claimant's part, and that she was unwilling to try a conservative course of physical therapy (TR 129).

While the subjective nature of fibromyalgia does not usually lend itself to objective medical verification, the ALJ did not rely solely on the lack of objective medical support in determining that Plaintiff was not disabled. Despite allegations that she suffered from

severe pain radiating throughout her body, Dr. Madhu Arora, another treating physician, reported in April 2003, that claimant could return to work as long as the jobs were considered to be low stress (TR 152). In addition, Dr. Arora estimated that claimant might miss about three days of work per month (TR 154). The Vocational Expert testified said a worker would have to miss more than three days a month before absenteeism would cause a problem for employers (TR 353). The ALJ reasonably accounted for claimant's periodic joint pain by restricting her to slow paced sedentary work that did not require overhead reaching or the lifting of more than ten pounds on a regular basis.

      Plaintiff relies heavily upon the fact that Dr. Rolando Beredo, another treating physician, found her incapable of performing gainful employment in October 2002 (TR 267-271). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). However, the opinion of the treating physician is entitled to deference only if his clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Since Dr. Beredo offered little objective evidence during the relevant period to support his conclusion of disability, his opinion need not have been given any special weight[3]. Miller v. Secretary, 843 F.2d 221, 224 (6th Cir. 1988). Under these circumstances, the totality of the evidence must be considered. Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986).

---

[3]Dr. Beredo's opinion was properly rejected as it predated the relevant time period under consideration by the ALJ, and was not supported by objective clinical evidence.

Given the lack of objective clinical evidence of disability during the 10 month relevant period, the Law Judge could reasonably find that Plaintiff's chronic pain symptoms did not prevent her from performing a reduced range of sedentary work. Considering the possible side effects of medication and anxiety, the ALJ also determined that the claimant was limited to simple, routine tasks that did not expose her to dangerous machinery or unprotected heights (TR 19). There was medical evidence on both sides and, having examined it, the undersigned cannot say that the Commissioner's conclusion was not supportable. In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms prior to December 31, 2003, were not fully credible.

By establishing that she could not return to her past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that she had the vocational qualifications to perform alternative jobs in the economy, notwithstanding her various impairments. The Commissioner, however, met her burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with her significant impairments[4], the Vocational Expert testified that there were numerous unskilled cashier, parking lot attendant, bench assembly, packaging and visual inspection jobs that Plaintiff could perform with minimal vocational adjustment (TR 352). These jobs

---

[4]The Administrative Law Judge's hypothetical questions to the Vocational Expert (VE) accurately described Plaintiff's moderate limitations caused by her joint pain and emotional difficulties. The ALJ reasonably determined that claimant's periodic depression limited her to low stress, simple, routine jobs (TR 351-352). The Sixth Circuit has held that hypothetical questions to experts are not required to included lists of claimant's medical conditions. Webb v. Commissioner, 368 F.3d 629, 633 (6th Cir. 2004). Under these circumstances, the ALJ's hypothetical question accurately portrayed Plaintiff's impairments.

**8**

provided a sit-stand option, and did not require frequent climbing. They involved simple, routine tasks, and would not expose her to hazardous machinery or unprotected heights. These jobs were not fast paced, and did not require overhead reaching or walking more than 100 feet at a time (TR 351-352). Given the objective clinical findings of the examining physicians of record during the relevant period, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of sedentary work activity prior to December 2003.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer  
DONALD A. SCHEER  
UNITED STATES MAGISTRATE JUDGE

DATED: June 12, 2007

_____

### CERTIFICATE OF SERVICE

I hereby certify on June 12, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on June 12, 2007. **None.**

s/Michael E. Lang  
Deputy Clerk to  
Magistrate Judge Donald A. Scheer  
(313) 234-5217